

## NUMBER 13-09-00699-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**CLINTON RAY CURTIS,**                                                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                  **Appellee.**

### On appeal from the 24th District Court of
### DeWitt County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Justice Yañez

Appellant, Clinton Ray Curtis, pleaded guilty to burglary of a habitation.[1]  The trial

court deferred adjudication of the offense and placed appellant on community supervision

for a period of ten years.  The State filed a motion to adjudicate appellant guilty and a

petition for revocation of probated sentence alleging that appellant had violated the terms

---

[1] *See* TEX. PENAL CODE ANN. § 30.02 (Vernon 2003).

of his community supervision by, among other things, committing the offenses of robbery, burglary of a habitation, and retaliation.[2] Appellant pleaded "not true" to all of the State's allegations. After hearing evidence, the trial court found that appellant committed the violations of community supervision as alleged in the State's motion, revoked appellant's community supervision, found appellant guilty of burglary of a habitation, and sentenced appellant to twenty years' confinement. The trial court certified appellant's right to appeal, and this appeal followed. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*,[3] appellant's court-appointed appellate counsel has filed a brief with this Court stating that, after examining the record, she has concluded that "there are no reversible grounds of error and that an appeal would be frivolous." After discussing whether the evidence was sufficient to revoke appellant's community supervision and whether the trial court abused its discretion in sentencing appellant, counsel concludes that these arguable issues are without merit. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing on appeal.[4]

In compliance with *High v. State*,[5] appellant's counsel has carefully discussed why,

---

[2] The State further alleged that appellant had: (1) violated his court-ordered curfew; (2) failed to complete his court-ordered community service restitution hours; (3) failed to submit a copy of his IRS return to the supervision department by April 15, 2009; and (4) failed to make his monthly court costs, supervisory fees, and restitution payments.

[3] 386 U.S. 738, 744 (1967).

[4] *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

[5] *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that she has (1) forwarded a copy of the brief and her request to withdraw as counsel to appellant, (2) informed appellant of his right to review the record and to file a pro se response, and (4) forwarded a copy of the record to appellant.[6] More than an adequate period of time has passed, and appellant has not filed a pro se response.[7]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.[8] We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.[9] Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.[10] We grant counsel's motion to withdraw.

Within five days of the date of this Court's opinion, counsel is ordered to send a

---

[6] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

[7] *See In re Schulman*, 252 S.W.3d at 409.

[8] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

[9] *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

[10] *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)).

copy of the opinion and judgment to appellant and to advise appellant of his right to file a

petition for discretionary review.[11]

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
23rd day of August, 2010.

LINDA REYNA YAÑEZ,
Justice

---

[11] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.